UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TAMMY LYNN HOOSE,

        Plaintiff,

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.

**ORDER**
16-CV-6629

Plaintiff Tammy Hoose (hereinafter "plaintiff") brings the instant action pursuant to 42 U.S.C. § 405(g) to review a decision of the Commissioner of Social Security denying her application for Social Security Disability benefits. See Complaint (Docket # 1). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. See Dockets ## 11, 12. On July 7, 2017, a hearing on the motions was held and arguments were heard from counsel. At the conclusion of the hearing, the Court read a detailed Decision and Order into the record.

The Court found that the ALJ's decision (1) failed to adequately explain the weight given to the numerous medical opinions of plaintiff's treating physicians NP Brezinksy and Dr. Cannariato. See Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000) (explaining the treating physician rule); see also Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999) ("Failure to provide 'good

reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand."); Beckers v. Colvin, 38 F. Supp. 3d 362, 372 (W.D.N.Y. 2014) ("Reports co-signed by a treating physician may be evaluated as having been the treating physician's opinion."); SSR 06-03P (explaining the consideration given to opinions from "other sources") (rescinded for claims filed after March 27, 2017); (2) failed to adequately explain why plaintiff's self-reporting of her activities of daily living were "not as limited as one would expect," particularly in light of the significant limitations plaintiff described at the hearing; and (3) failed to adequately address whether the "acquired work skills" the ALJ found in plaintiff's past relevant employment were truly transferable skills or were instead simply traits, aptitudes or abilities. See Draegert v. Barnhart, 311 F.3d 468, 472 (2d Cir. 2002), see also Woods v. Colvin, 218 F. Supp. 3d 204, 211 (W.D.N.Y. 2016) (stating that the ALJ should explain "how Plaintiff acquired these skills through the performance of past work activities").

Accordingly and for the reasons set forth in the Court's oral Decision and Order, it is hereby

**ORDERED** that plaintiff's motion for judgment on the pleadings (Docket # 11) is **granted** and the Commissioner's motion for judgment on the pleadings (Docket # 12) is **denied.** This case is remanded

for further proceedings consistent with this Decision and Order.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   July 12, 2017
         Rochester, New York